[Cite as *State v. Yeager*, 2023-Ohio-4031.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ANDRE M. YEAGER,

        Defendant-Appellant.

CASE NO. 2023-L-038

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 001041

# O P I N I O N

Decided: November 6, 2023
Judgment: Affirmed in part; reversed in part and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Andre M. Yeager*, pro se, PID# A784-808, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}   Appellant, Andre M. Yeager, appeals the judgment of the Lake County Court of Common Pleas denying his "Verified Motion to Dismiss all Charges Based upon Prosecutor, Detective Misconduct and Lake County Public Defender in Conspiracy with Lake County Prosecutor Office and Wickliffe Police Department Full Evidentiary Hearing Requested." (Sic throughout.)  We affirm in part, reverse in part, and remand.

{¶2}   After a trial by jury, appellant was found guilty on one count of grand theft, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; one count of breaking

and entering, a felony of the fifth degree, in violation of R.C. 2911.13(A); and one count of vandalism, a felony of the fifth degree, in violation of R.C. 2909.05(B)(1)(a). On January 13, 2022, appellant was sentenced to 17 months of imprisonment for grand theft; 11 months of imprisonment for breaking and entering; and 11 months of imprisonment for vandalism. The terms were ordered to be served consecutively to one another for an aggregate term of 39 months' imprisonment. Appellant appealed his convictions to this court.

{¶3} While that notice of appeal was pending, appellant filed a motion for leave to file a motion for new trial. On May 5, 2022, the trial court denied the motion, concluding it lacked jurisdiction to proceed while the appeal of appellant's convictions were pending. Appellant appealed that judgment.

{¶4} On October 26, 2022, while the appeals were pending, appellant filed a "Motion for Evidentiary Hearing Criminal Rule 33 and Rule 1(A)(B), Based on Newly Discovered Crime-Video, Photographic Exculpatory Evidence that was Withheld by the Prosecutor in Violation of *Brady v. Maryland*, Criminal Rull 33(A)(6) and (B)/W Affidavit Attached, Police Report Attached, Passenger Photographs Attached." (Sic throughout.) And, on March 21, 2023, again, while the appeals from the January and May judgments were pending, appellant filed the underlying motion, various aspects of which mimicked arguments generally asserted in his previous motions for new trial. The trial court denied the outstanding motions on March 23, 2021, without specific justification.

{¶5} On July 24, 2023, in *State v. Yeager*, 11th Dist. Lake No. 2022-L-008, 2023-Ohio-2541 ("*Yeager I*"), this court affirmed appellant's convictions. Shortly thereafter, on August 7, 2023, this court affirmed the trial court's judgment that it lacked jurisdiction to

2

address appellant's motion for leave to file a motion for new trial. *See State v. Yeager*, 11th Dist. Nos. 2022-L-048, 2022-L-050, 2023-Ohio-2730 ("*Yeager II*"). This court, however, stated: "Because appellant's direct appeal of his conviction is no longer pending in this court, however, the trial court is free to proceed to rule on the merits of appellant's motion for new trial." *Id.* at ¶ 15.

{¶6} We now address appellant's latest appeal in which he assigns the following errors:

> "[1.] Appellant was deprived of due process of law and his liberty in violation of the Fourth Amendment of the United States Constitution when Daniel Moreland fabricated evidence in his April 1, 2021 affidavit for arrest warrant and in his search warrant knowing he lacked probable cause.

> "[2.] Appellant was denied due process under the Fourth and Fourteenth Amendment of the United States Constitution when Daniel Moreland and Lake County Prosecutor Office Fabricated evidence against him and withheld from the Municipal Judge Marisa Cornachio, grand jury, Judge Culotta and the petit jury that Daniel Moreland lied in his affidavit of probable cause as he did not have any type of reliable evidence to secure his arrest warrant as the crime-video was unable to identify the passenger exiting the car and Richard Daniels was thought of as a liar the entire March 26, 2021 interview by Moreland and Detective McCaffery. [Sic throughout.]

> "[3.] Appellant was denied due process under *Brady v. Maryland* and the Fourth and Fourteenth Amendment when Daniel Moreland and Lake County Prosecutor Office fabricated and suppressed evidence in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution."

{¶7} A review of both appellant's motions that were apparently subject to the underlying appealed judgment challenge various matters that the trial court lacked jurisdiction to address because appellant's direct appeal was still pending. For instance, appellant claims that the prosecution withheld exculpatory photographic evidence of a

3

picture of an individual in the vehicle with appellant's co-defendant, who is not appellant, at the time the Lake County crimes occurred. He claims, therefore, the prosecution withheld potentially exculpatory *Brady* material in violation of his right to due process of law.

{¶8} He additionally points to evidence which, he claims, demonstrates his co-defendant was with an alternate suspect (one Dwayne Collins) when a theft occurred at a Speedway in Richmond Heights, Ohio, in February 2021. He maintains the temporal proximity to the underlying crimes and that crime indicates his codefendant and the alternate suspect were involved in the Lake County optometry clinic incident. Thus, the failure to disclose this evidence violated his right to due process.

{¶9} Appellant also, without precision as to its relevance, points to a March 9, 2021 theft which occurred at a Walmart in Mentor, Ohio wherein his codefendant was allegedly arrested for theft.

{¶10} He additionally asserts that Detective Richard Moreland fabricated evidence to support an arrest warrant. Apparently, appellant claims this purported exculpatory evidence was dehors the record and undiscoverable at the time of trial. If so, he claims that the alleged fabrications demonstrate misconduct sufficient to undermine fairness in the proceedings and his due process rights.

{¶11} The foregoing arguments, among others that appellant may have asserted in his various motions, could not be addressed by the trial court because, identical to this court's analysis in *Yeager II*, adjudicating the arguments would have interfered with this court's ability to affirm, reverse, or modify the judgment in *Yeager I*. In this respect, we need not consider these arguments for the first time on appeal.

4

{¶12} Appellant does, however, assert an argument that was essentially adjudicated in *Yeager I*; namely, that the prosecution, knowing appellant is black, somehow engaged in misconduct by not disclosing the possibility that the suspect in the Akron theft, used as Evid.R. 404(B) evidence against appellant in the underlying prosecution, was Caucasian, not black. In *Yeager I*, while addressing appellant's contentions that the state admitted evidence it knew to be false, this court observed:

> [T]he other-acts evidence submitted by the state was introduced in a good-faith effort, pursuant to Evid.R. 404(B), to establish appellant's identity, plan, and/or modus operandi. Although appellant continuously maintained the individual in the Akron break-in was Caucasian, this was premised upon comments made by Dr. Jeff Durkin, one of the owners of the Akron optometry clinic where the break-in occurred. Appellant points out that, pursuant to the evidence of Officer Reddish's body camera, Dr. Durkin, while viewing the clinic's video-surveillance footage, claimed the suspect in the incident was Caucasian. The footage to which appellant referred was not played for the jury, but it was admitted as Defendant's Exhibit J. And appellant underscored his position so the jury was able to consider and evaluate the claim in relation to the remaining evidence, including the evidence that appellant was arrested near the clinic with the stolen merchandise. In light of this backdrop, we cannot conclude that the state submitted this evidence with any alleged knowledge that it was false or inaccurate. Appellant's due process right to a fair trial was not violated in this respect.

*Yeager I*, 2023-Ohio-2541, ¶ 54.

{¶13} With this in mind, any argument that the state somehow withheld evidence that the suspect in the Akron optometry clinic's burglary is contrary to the evidence appellant advanced at trial. The evidence was available, and he used it in support of his identity defense. Any argument relating to this (or any ancillary point touching upon the argument) was available to appellant and utilized. We therefore conclude that these arguments, pursuant to this court's opinion and judgment in *Yeager I*, are res judicata.

5

Case No. 2023-L-038

{¶14} In this respect, we affirm the trial court's judgment in part. Because, however, the trial court could not reach the merits of the remaining arguments due to jurisdictional restraints, we partially reverse the trial court to address appellant's remaining arguments in concert with the arguments animating the opinion and judgment in *Yeager II.*

{¶15} To the extent appellant's assignments of error pertain to his argument that the perpetrator in the Akron break-in was Caucasian, they are overruled. The remaining arguments, however, are not ripe for review because, at the time the trial court entered its judgment, appellant's direct appeal from his conviction was still pending in this court and, therefore, the trial court lacked jurisdiction to address the merits of his contention. As appellant's direct appeal is no longer pending, the trial court may proceed to address the merits of appellant's arguments.

{¶16} The judgment of the Lake County Court of Common Pleas is therefore affirmed in part; reversed in part and remanded for further proceedings.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2023-L-038